AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2025

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| JAY FINCH | ) Case No. 4:25-MJ-07055-ACE |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 2024 to March 26, 2025** in the county of **Benton** in the **Eastern** District of **Washington**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2), (b)(1) | Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(2), (b)(1) | Receipt of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Brandon Hagar*
Complainant's signature

Brandon Hagar, SA, FBI
Printed name and title

☑ Sworn to telephonically and signed electronically
☐ Sworn to before me and signed in my presence.

Date: 03/26/2025

City and state: Spokane, Washington

JAMES A. GOEKE, U.S. Magistrate Judge
Judge's signature

Printed name and title

AUSA: LJH      COUNTY: BENTON

*AUSA: LJH*

*County: Benton*

*In Re: Affidavit in Support of Criminal Complaint for Jay Finch*

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | ) ss |
| Benton County | ) |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Brandon Hagar, a Special Agent with the Federal Bureau of Investigation (FBI), having been duly sworn, hereby state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging JAY FINCH ("FINCH") with distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2),(b)(1), receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2),(b)(1), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2).

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in

relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such. I have been employed as a Special Agent of the FBI since September 2018 and am currently assigned to the FBI's Child Exploitation Operational Unit (the "CEOU") within the Criminal Investigative Division based in Linthicum, Maryland. While employed by the FBI, I have investigated violations of federal law, including the online exploitation of children. This includes violations pertaining to the illegal trafficking of minors, the enticement and coercion of minors, human trafficking, peer-to-peer networks, and the possession, distribution, receipt, and production of child sexual abuse material ("CSAM"). I have gained experience through training at the FBI Academy, Quantico, Virginia, and through everyday work relating to conducting these types of investigations. I have received training regarding the investigation of child exploitation crimes and have had the opportunity to observe and review numerous examples of CSAM (as defined in 18 U.S.C. § 2256(8) and termed "child pornography" herein). Moreover, I am a federal law enforcement officer who is engaged in enforcing federal criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request this

complaint. Prior to becoming a Special Agent, I was employed as an FBI analyst assigned to work violent crime, to include child exploitation and human trafficking investigations.

5. I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and the review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein are not being relied on in reaching my conclusion that the requested warrant should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTES

6. I am investigating potential attempts and completed violations of 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1), receipt and distribution of child pornography, and 18 U.S.C. §§ 2252A(a)(5)(b),(b)(2), possession of child pornography.

7. Those offenses are set forth as follows:

   a. 18 U.S.C. § 2252A(a)(2)(A) prohibits any person from knowingly receiving or distributing any child pornography that has been mailed, or using any means or facility of interstate commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   b. 18 U.S.C. § 2252A(a)(5)(b) prohibits any person from knowingly possessing any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography

that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

c. 18 U.S.C. § 2256(8)(A) defines "child pornography" or "child sexual abuse material" or "CSAM," as, *inter alia*, "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

d. "Child erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

e. 18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated[:] sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals or pubic area of any person."

## STATEMENT OF PROBABLE CAUSE

8. Based on the facts described below, I have probable cause to believe that FINCH has distributed and received CSAM/child pornography, in violation of 18

U.S.C. §§ 2252A(a)(2)(A),(b)(1), and possessed CSAM/child pornography, in violation of 18 U.S.C §§ 2252A(a)(5)(b),(b)(2), and/or attempted to commit such violations.

9. In December of 2024, an FBI Online Covert Employee ("OCE") observed numerous CSAM/child pornography videos and images posted by a TARGET USER (later identified as FINCH) on a TARGET WEBSITE.[1] The TARGET WEBSITE included groups and pages dedicated to CSAM/child pornography. During the course of that investigation, an IP address assigned to FINCH's residence ("TARGET PREMISES") in West Richland, Washington (which is within the Eastern District of Washington) was identified.

10. The TARGET PREMISES was listed as FINCH's address on his current Washington state driver's license. I am also familiar with a prior law enforcement contact by a local law enforcement agency in 2020 with FINCH and his wife wherein the TARGET PREMISES was identified as FINCH's residence.

11. The OCE observed that the TARGET USER (FINCH) posted CSAM/child pornography image and video files on the TARGET WEBSITE from in or around June of 2024 through December of 2024. These images and videos depicted what appeared to be prepubescent and post-pubescent minor females and males, approximately four to 16 years of age, in various poses exposing their vagina,

---

[1] The name of the TARGET WEBSITE and TARGET USER are known to law enforcement and your Affiant, but are not included here to protect operational security. Users of the TARGET WEBSITE and similar websites are often highly conscious of law enforcement activity and actively search for such information. If users of the TARGET WEBSITE learned of the investigative activity set forth in this affidavit, they could stake steps to jeopardize the broader investigation, such as destroying evidence, changing patterns of behavior, alerting coconspirators and fleeing from law enforcement.

anus, breasts, penis, and/or engaging in sexual activity, including oral and vaginal penetration, to include the following:

    a. An image depicting a nude prepubescent female minor, approximately eight to 10 years of age, lying on her back, breasts exposed, with her legs spread apart, exposing her vagina, and anus as the focal point of the image;

    b. An image depicting two nude prepubescent female minors, approximately six to 10 years of age, lying on their backs on a couch, breasts exposed, with their legs spread apart to expose their vaginas and anuses;

    c. An image depicting a nude prepubescent female minor, approximately four to six years of age, sitting on her knees on a chair or sofa, exposing her breasts and vagina; which are the focal point of the image; and

    d. An image depicting a nude prepubescent male minor, approximately seven to 10 years of age, wearing only socks and sitting on what appeared to be a table or counter, exposing his erect penis.

12. The OCE further observed that the TARGET USER (FINCH) had also posted several sexually explicit images and videos of adult females and post-pubescent and/or adult males.

13. On March 25, 2025, I applied for and was granted search warrants for the TARGET PREMISES, FINCH's person, and two vehicles associated with FINCH. *See* 4:25-MJ-7048-ACE, 4:25-MJ-7047-ACE, 4:25-MJ-7049-ACE, and 4:25-MJ-7050-ACE.

14. On March 26, 2025, FBI agents located FINCH at his place of employment (within the Eastern District of Washington) and executed the search warrant for FINCH's person. FINCH possessed a cellular phone. The phone was

seized pursuant to the warrant and I observed several images depicting what appeared to be CSAM/child pornography and child erotica located within a social messaging application as well as within the image gallery on the device.

15. I interviewed FINCH, who was advised of, and waived, his *Miranda* rights. FINCH admitted to using the TARGET WEBSITE and to being the TARGET USER on said website. FINCH admitted to distributing CSAM/child pornography through the TARGET WEBSITE. FINCH also admitted to seeking CSAM/child pornography on multiple websites and provided me with three (3) such websites. FINCH advised that we would find hundreds of CSAM/child pornography images and/or video files on his desktop computer, which was located in the TARGET PREMISES. FINCH was shown an image of the desktop computer and confirmed that the computer belonged to him. FINCH provided a passcode for the computer and advised that he was the sole user of the computer.

16. On March 26, 2025, FBI agents also executed the search warrant at the TARGET PREMISES, where they located a number of electronic devices. One such device was a desktop computer. A forensic examiner conducted a preview on the computer and located multiple image files. These image files were reviewed and described by an agent on scene as follows:

   a. Image name: ajb_spread__38_. *An image depicting a prepubescent female using a foreign object to vaginally penetrate herself.*
   b. Image name: dadautweensuckbigck. *An image depicting a prepubescent female engaging in oral sex with what appears to be an adult male.*
   c. Image name: xxboy_11_(2). *An image depicting a prepubescent male with what appears to be a choke collar and red ball with straps around the face holding the red ball in the prepubescent male's mouth.*

## CONCLUSION

17. Based on the facts stated above, I respectfully submit that there is probable cause to believe that FINCH has distributed and received CSAM/child pornography, and/or attempted to commit such crimes, in violation of 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1), and possessed CSAM/child pornography, in violation of 18 U.S.C §§ 2252A(a)(5)(b),(b)(2). I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

*Brandon Hagar*
_____
Brandon Hagar, Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically on this 26th day of March, 2025.

_____
James A. Goeke
United States Magistrate Judge